COPY
Original Filed
NOV 06 2017
Timothy W. Fitzgerald
SPOKANE COUNTY CLERK

IN THE SUPERIOR COURT FOR THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF SPOKANE

MICHAEL L. LOGAN, individually and on behalf of all others similarly situated,

Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,

Defendant.

CLASS ACTION COMPLAINT

Case No. 17204339-1

COMPLAINT FOR UNPAID AND WRONGFULLY WITHHELD WAGES

Plaintiff Michael L. Logan ("Plaintiff"), by and through his undersigned attorneys and on behalf of himself and all others similarly situated, complains and alleges the following:

## I. NATURE OF ACTION

1. This is a class action pursuant to Wash. Super. Ct. Civ. R. 23 against Defendant Union Pacific Railroad Company, and its subsidiaries and affiliated companies ("Defendant" or "Union Pacific") for engaging in a systematic scheme of wage and hour violations against its current and former piece-rate railroad workers working in this State.

PLAINTIFF'S CLASS ACTION COMPLAINT-1

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

2. As fully explained *infra*, Defendant paid its railroad workers on a piece-rate scheme under which it did not compensate piece-rate railroad workers separately and hourly, or at all, for rest periods as required under Washington law. Accordingly, Defendant violated Washington wage and hour law and is liable to Plaintiff and Class Members pursuant to the Washington Industrial Welfare Act and regulations promulgated by the State's Department of Labor and Industries and codified in WAC 296-126.

3. Accordingly, Plaintiff seeks relief on a class-wide basis for unpaid wages for rest periods separate and apart from the piece-rate, attorney's fees and costs for Defendant's past violations during the Class Period, and double damages for Defendant's past and ongoing violations.

## II. THE PARTIES

4. Plaintiff, who at all relevant times was a resident of Washington, was employed by Defendant from approximately 2006 through to the present, to work for Defendant as an extra-board trainman on a per-trip piece rate compensation basis. At all relevant times, Plaintiff was based out of Defendant's terminal in Spokane, Washington, and conducted Defendant's trains to its terminals in Eastport, Idaho, and Hermiston, Oregon. Plaintiff also sometimes drove local routes exclusively within Washington State. At all relevant times, Plaintiff worked approximately 4-5 days per week and approximately 8-12 hours per day for Defendant. On average, Plaintiff worked the train approximately 4 hours per trip within Washington State on his route from Spokane to Eastport. Plaintiff worked the train approximately 8-10 hours per trip within Washington State on his route from Spokane to Hermiston. Plaintiff's local routes took approximately 8 hours per trip.

5. Defendant Union Pacific is a Delaware corporation. Defendant Union Pacific is a railroad franchise that, upon information and belief, operates in 23 states west of Chicago, Illinois, and is one of the largest railroad networks in the United States. Defendant Union Pacific has railroad stations throughout Washington State, including in Spokane, Tacoma, and Seattle.

PLAINTIFF'S CLASS ACTION COMPLAINT-2

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

On information and belief, all of Defendant's piece-rate railroad workers in Washington are compensated on the same uniform piece-rate compensation system and all of Defendant's employees receive wage statements in the same basic format.

### III. JURISDICTION & VENUE

6. This Court has jurisdiction over this action to recover money damages pursuant to RCW 2.08.010.

7. This Court has jurisdiction over Plaintiff's and Class Members' claims for implied causes of action pursuant to RCW 49.12.

8. This Court has jurisdiction over Plaintiff's and Class Members' claims under RCW 49.52.

9. Venue is proper in Spokane County, Washington, pursuant to RCW 4.12.025(3)(a). Plaintiff was based out of Defendant's terminal in Spokane, Washington, and Plaintiff's cause of action, or some part thereof, arose in Spokane County.

### IV. FACTUAL ALLEGATIONS

10. Defendant Union Pacific is an employer of numerous railroad workers. On information and belief, during the class period, the Defendant employed an estimated 300 current and former piece-rate railroad workers.

11. Defendant compensated Plaintiff and other railroad workers on a per-trip piece-rate basis, with some extra pay for certain specified things such as overtime based on mileage, but with no separate and hourly pay for rest periods, as required by state law. In fact, Defendant did not have any policy or practice to allow piece-rate railroad workers to take a paid rest break as required by WAC 296-126-092(4).

12. Under Washington law, employer's paying employees on a piece-rate scheme must pay workers for rest periods *separate and apart from the piece*. *See Demetrio v. Sakuma Bros., Inc.*, 183 Wash.2d 649 (2015) (holding that piece rate agricultural workers must be paid

PLAINTIFF'S CLASS ACTION COMPLAINT-3

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253) 276-0081

hourly and separately for statutory rest breaks under WAC 296-131-020(2)); *see also Helde v. Knight Transportation, Inc.*, 2016 WL 1687961, at *4 (W.D. Wash. Apr. 26, 2016) (applying *Demetrio* to trucking companies that pay truck drivers on a "per mile" basis, and holding that such trucking companies must also pay hourly and separately for rest periods in addition to the piece-rate pay). Additionally, in *Carranza, et al. v. Dovex Fruit Co.*, Case No. 2:16-cv-00054-SMJ, (E.D. Wash. January 19, 2017) Dkt. No. 38 (Order Regarding the Certification of Questions to the Washington Supreme Court), the Washington Supreme Court held that the *Demetrio* ruling applies retroactively. Therefore, Defendant failed to provide compliant rest breaks to piece-rate railroad workers because the breaks provided and taken were not "on the employer's time" insofar as they were not paid for separately and hourly, or at all, as required by State law, and failed to make retro payments.

13. Simply put, Defendant did not compensate its piece-rate railroad workers for rest periods during the Class Period as required by law.

14. Defendants were on notice, or should have been on notice, of their need to pay separately and hourly and their need to make retro payments, particularly after *Demetrio*, *Helde*, and *Carranza*, made the law clear. Therefore, Defendants' violations alleged above, were willful and deliberate.

### V.   CLASS ACTION ALLEGATIONS

15. Plaintiff brings this case as a class action pursuant to CR 23 of the Washington Superior Court Civil Rules on behalf of a Class consisting of the following:

> All individuals who (1) resided in and worked on trains running routes within and through Washington State, (2) were employed by Union Pacific Railroad Company in the position of trainman, conductor, engineer, brakeman, or any other similar position (2) and who were paid in part, on a piece-rate per trip mileage basis,

PLAINTIFF'S CLASS ACTION COMPLAINT-4

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

1  **at any time from three years prior to May 12, 2017[1] through to the date of certification of the class by the Court.**

16. This group of current and former Defendant Union Pacific railroad workers during the Class Period will be referred to hereinafter as "the Class."

17. Upon information and belief, there are at least 300 current and former employees in the Class. Given Defendant's systemic failure to comply with Washington law regarding the separate payment for rest periods, the members of the Class are so numerous that joinder of all members is impractical.

18. Plaintiff's claims are typical of the claims of the members of the Class because he is a piece-rate railroad worker who sustained damages arising out of Defendant's failure during the Class Period to pay separately for rest periods.

19. Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no conflict of interest with any member of the Class. Plaintiff has retained competent and experienced counsel in complex class action litigation. Plaintiff's counsel has the expertise and financial resources to adequately represent the interests of the Class.

20. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Plaintiff and the Class are the following:

   a. Whether Defendant violated WAC 296-126-092(4) by failing to pay Plaintiff and the Class Members separate and hourly pay for rest periods;

   b. Whether Defendant's violations of Washington wage and hour law was willful with intent to deprive and is liable for double damages pursuant to RCW 49.52.050, 70; and

   c. The nature and extent of class-wide injury and the measure of damages for the injury.

---

[1] Plaintiff entered into a tolling agreement with Defendant on May 12, 2017, tolling Plaintiff's claims and his claims brought on behalf of the putative class alleged in this Complaint. Therefore, the Class Period runs from three years prior to May 12, 2017, through to the date of certification of the Class by the Court.

PLAINTIFF'S CLASS ACTION COMPLAINT-5

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

21. Class action treatment is superior to any alternative to ensure the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without duplication of effort and expense that numerous individuals would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Class members are readily identifiable from Defendant's employee rosters and/or payroll records.

22. Defendant's actions are generally applicable to the entire Class. Prosecution of separate actions by individual members of the Class creates the risk of inconsistent or varying adjudications of the issues presented herein, which, in turn, would establish incompatible standards of conduct for Defendant.

23. Because joinder of all members is impractical, a class action is superior to other available methods for the fair and efficient adjudication of this controversy. Furthermore, the amounts at stake for many members of the Class, while substantial, may not be sufficient to enable them to maintain separate suits against Defendant.

**FIRST CAUSE OF ACTION**
**Implied Cause of Action Pursuant to RCW 49.12**
**Failure to Pay Hourly and Separate Wages for Time Spent on Statutory Rest Periods and Apart from and in addition to the Piece-Rate Pay**
**In Violation of WAC 296-126-092(4)**

24. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

25. Under the Supreme Court of Washington's decision in *Wingert v. Yellow Freight Systems, Inc.*, 146 Wash.2d 841 (2002), the statutory provisions set forth in RCW 49.12 entitle aggrieved employees to an implied cause of action for all unpaid wages against an employer, including wages owed to employees pursuant to properly promulgated regulations. *Id.* at 847-51.

26. WAC 296-126-092(4) provides that:

PLAINTIFF'S CLASS ACTION COMPLAINT-6

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

> (4) Employees shall be allowed a rest period of not less than 10 minutes, *on the employer's time*, for each 4 hours of working time. Rest periods shall be scheduled as near as possible to the midpoint of the work period. No employee shall be required to work more than three hours without a rest period. [...]

(emphasis added)

27. The words "on the employer's time" mean that the employer must compensate employees separately and hourly for their times spent taking rest periods authorized under these regulations. *Wingert*, 146 Wash.2d at 848; *Pellino v. Brink's Inc.*, 164 Wash.App. 668, 690 (2011) (extending the *Wingert* holding and logic to meal periods, concluding that meal periods must also be taken "on the employer's time" and must be compensated).

28. The Supreme Court of Washington likewise confirmed that the employer's obligation to pay wages for rest periods extends specifically to piece-rate workers. This means that WAC 296-131-020(2) and WAC 296-126-092(4) obligate an employer to pay separate and apart for rest periods to employees compensated on a piece-rate basis. *Demetrio v. Sakuma Bros. Farms, Inc.*, 183 Wash.2d 649, 659 (2015).

29. Given the clear enunciation in *Demetrio* of the requirements for separate pay for rest breaks to employees who are paid on a piece-rate basis, the United States District Court for the Western District of Washington in *Helde v. Knight Transportation* granted summary judgment to plaintiffs on their claim that Knight Transportation failed to pay separately and hourly for rest break time to its line drivers who were paid on a per-mile piece-rate basis, with no separate and hourly pay for rest break time. See *Helde v. Knight Transportation, Inc.*, 2016 WL 1687961, at *4 (W.D. Wash. Apr. 26, 2016). The holding of *Helde* is directly on point and applicable here.

30. Piece-rate workers are entitled to their regular rate of pay for rest break time. *Demetrio*, at 265-66.

31. It is also now clear that the ruling of *Demetrio v. Sakuma Bros. Farms*, applies retroactively. In *Helde*, the federal district court judge in applied Washington's general rule that

PLAINTIFF'S CLASS ACTION COMPLAINT-7

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253) 276-0081

1  "a new decision applies retroactively to both the litigants before the court and in subsequent
2  litigation." *See Id.* (citing *McDevitt v. Harbor View Med. Ctr.*, 179 Wn.2d 59, 74-75 (2013)
3  ("The Court finds that the general rule [that new decisions are retroactive] applies in this case.
4  *Sakuma Bros.* did not overrule clear precedent regarding the interplay between a piece rate
5  compensation scheme and the rest break requirement….Retroactive application of the
6  requirement would in no way impede the policy objective that drove the *Sakuma Bros.* decision
7  or WAC 296-126-092(4)…."). Furthermore, the Court in *Carranza, et al. v. Dovex Fruit Co.*,
8  Case No. 2:16-cv-00054-SMJ, (E.D. Wash. January 19, 2017) Dkt. No. 38 (Order Regarding the
9  Certification of Questions to the Washington Supreme Court) expressly held that *Demetrio*
10 applies retroactively. ("Accordingly, the [*Demetrio*] decision does not constitute a new rule of
11 law but rather a clarification of existing law").

12    32.    As set forth *supra*, Plaintiff and Class Members were compensated on a per-mile
13 piece-rate scheme. However, Defendant failed to pay Plaintiff and Class Members separate and
14 apart from the piece rate for rest breaks during the class period, which is required by regulation
15 under *Demetrio* and *Helde*.

16    33.    As a direct and proximate result of Defendant's violations and its willful intent to
17 deprive Plaintiff and Class Members of wages owed, Defendant deprived Plaintiff and Class
18 Members of compensation in the amounts to be determined at trial.

### SECOND CAUSE OF ACTION
**Double Damages for Willful and Intentional Withholding of Wages Pursuant to RCW 49.52.050,070 Flowing from Cause of Action One**

34.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35.    In *Wingert*, the Supreme Court also explicitly stated that employees are entitled to a claim under RCW 49.52.050, 070 for double damages where the employer willfully, and with intent to deprive, withheld wages owed pursuant to regulations. *Wingert v. Yellow Freight Systems, Inc.*, 146 Wash.2d 841, 847-51 (2002).

PLAINTIFF'S CLASS ACTION COMPLAINT-8

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

36. In failing to pay for rest period time, particularly after the issuance of *Demetrio*, Defendant acted willfully and with the intent of depriving its employees of the wages to which they were entitled under WAC 296-126-092(4).

37. As a direct and proximate result of Defendant's violations and its willful intent to deprive Plaintiff and Class Members of wages owed, Plaintiff and Class members are entitled to judgment for twice the amount of wages owed.

## VI. PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of himself and the members of the Class, pray for judgment against Defendant Union Pacific as follows:

A. An Order than this action may proceed and be maintained as a class action and certifying the Class as defined above for the Class Period defined above;

B. A declaratory judgment that Defendant willfully violated WAC 296-126-092(4) by failing to pay Plaintiff and Class Members separate and hourly for rest periods during the Class Period and failing to make retro payments for unpaid rest period pay due and owed to Plaintiff and the Class Members;

C. Injunctive relief in the form of an injunction or order from the Court requiring Defendant to pay all of the putative Class Members who are currently working for Defendant and all future piece rate paid trainmen, conductors, engineers, and brakemen separately and hourly for their rest periods going forward; and

D. An award to Plaintiff and Class Members in the amount of their unpaid wages owed to them for their statutory rest periods;

E. Exemplary damages in amounts equal to double the wages due to Plaintiff and Class Members pursuant to RCW 49.52.050,070 for any time during the Class Period;

F. Attorneys' fees and costs, as allowed by law, including RCW 49.48.030 and 49.52.070;

G. Prejudgment interest; and

H. All other relief this Court deems proper.

PLAINTIFF'S CLASS ACTION COMPLAINT-9

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | Dated this 6 day of November, 2017. |
| 4 | Respectfully submitted,<br>India Lin Bodien, Attorney at Law<br>Ackermann & Tilajef, P.C. |
| 5 | |
| 6 | |
| 7 | By: India Lin Bodien, WSBA #44898<br>INDIA LIN BODIEN, ATTORNEY AT LAW |
| 8 | 2522 North Proctor Street, #387<br>Tacoma, Washington 98406-5338 |
| 9 | Telephone: (253) 212-7913 |
| 10 | Fascimile: (253)276-0081<br>india@indialinbodienlaw.com |
| 11 | |
| 12 | *Craig J. Ackermann (CA State Bar No. 229832)<br>ACKERMANN & TILAJEF, P.C. |
| 13 | 1180 South Beverly Drive, Suite 610<br>Los Angeles, California 90035 |
| 14 | Telephone:    (310) 277-0614 |
| 15 | Facsimile:    (310) 277-0635<br>cja@ackermanntilajef.com |
| 16 | |
| 17 | *PRO HAC VICE MOTION FORTHCOMING |

PLAINTIFF'S CLASS ACTION COMPLAINT-10

INDIA LIN BODIEN, ATTORNEY AT LAW
2522 NORTH PROCTOR STREET #387
TACOMA, WASHINGTON 98406-5338
Tel: (253) 212-7913
Fax: (253)276-0081