UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL L. LOGAN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UNION PACIFIC RAILROAD COMPANY, a Delaware Corporation,<br><br>Defendant,<br><br>and<br><br>GREGORY NEAL GONZALES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BNSF RAILWAY COMPANY,<br><br>Defendant. | NO. 2:17-CV-0394-TOR<br><br><br><br><br><br><br><br><br><br><br><br><br><br>NO. 2:17-CV-5193-TOR<br><br><br><br>ORDER GRANTING UNOPPOSED MOTIONS TO CONSOLIDATE |

ORDER GRANTING UNOPPOSED MOTIONS TO CONSOLIDATE ~ 1

BEFORE THE COURT is Defendant Union Pacific Railroad Company's Unopposed Motion to Consolidate Cases (ECF No. 28). Union Pacific Railroad Company requests the court consolidate this case, *Logan v. Union Pacific Railroad Company*, 2:17-CV-0394-TOR, with another action pending before this Court, *Gonzales v. BNSF Railway Company*, 4:17-CV-5193-TOR. In *Gonzales*, BNSF Railway filed an identical Unopposed Motion to Consolidate. 4:17-CV-5193-TOR, ECF No. 27. These matters were submitted for consideration without oral argument. The Court—having reviewed the briefing, the record, and files therein—is fully informed. As discussed below, the motions (ECF Nos. 28 and 27, respectively) are GRANTED.

**BACKGROUND**

In early November 2017, Plaintiffs Michael Logan and Gregory Gonzales filed complaints in Washington Superior Court on behalf of themselves and putative classes of current and former employees from Union Pacific and BNSF, respectively. *Logan*, ECF No. 1-1 at ¶ 1; *Gonzales*, ECF No. 1-1 at ¶ 1. In late November 2017, both cases were removed to this Court. *See Logan*, ECF No. 1-1; *Gonzales*, ECF No. 1-1. In both cases, Plaintiffs allege that Defendants failed to pay employees for rest periods in violation of section 296-126-092(4) of the Washington Administrative Code and that these violations were willful or intentional pursuant to RCW 49.52.050, 070. *Logan*, ECF No. 1-1 at ¶¶ 24-37;

*Gonzales*, ECF No. 1-1 at ¶¶ 25-38. Plaintiffs assert these claims individually and on behalf of purported classes of similarly situated employees. *Logan*, ECF No. 1-1 at ¶ 15; *Gonzales*, ECF No. 1-1 at ¶ 16.

In response to Plaintiffs' claims and allegations, Defendants both argue that Washington's laws and regulations pertaining to rest periods do not apply to railroad employees because they are preempted by federal law. *Logan*, ECF No. 3 at 6-7; *Gonzales*, ECF No. 2 at 8-9.

## DISCUSSION

Federal Rule of Civil Procedure 42(a) governs consolidation in federal courts, and provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). "The district court has broad discretion under this rule to consolidate cases pending in the same district." *Inv'rs Research Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989). In determining whether to consolidate cases, the court should "weigh the interest of judicial convenience against the potential for delay, confusion and prejudice." *Zhu v. UCBH Holdings, Inc.*, 682 F. Supp. 2d 1049, 1052 (N.D. Cal. 2010).

The Court finds that consolidation of the two cases is appropriate. As the parties in *Logan* and *Gonzales* have stipulated – and as the pleadings amply demonstrate – both cases "involve identical issues of law and virtually identical issues of fact[,]" *Logan*, ECF No. 28 at 4; *Gonzales*, ECF No. 27 at 2, which satisfies requirements of Rule 42. The Court finds Consolidation will save judicial resources without causing any potential delay, confusion or prejudice to the parties. Indeed, consolidation will favor the parties and they have stipulated to the consolidation. Finally, consolidation presents no conflicts of interest, and resolution of the cases together will ensure consistency in the findings and conclusions of the Court.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendant Union Pacific Railroad Company's Unopposed Motion to Consolidate Cases (ECF No. 28) is **GRANTED**.

2. Defendant BNSF Railway Company's Unopposed Motion to Consolidate Cases (ECF No. 27) is **GRANTED**.

3. The cases of *Logan v. Union Pacific Railroad Company*, 2:17-CV-0394-TOR and *Gonzales v. BNSF Railway Company*, 4:17-CV-5193-TOR are **CONSOLIDATED** as 2:17-CV-0394-TOR. No further filings shall be made in 4:17-CV-5193-TOR, which file shall be administratively closed. All pleadings therein maintain their legal relevance. Any further

pleadings received by the Clerk of Court for case number 4:17-CV-5193-TOR shall be filed in this consolidated case, case number 2:17-CV-0394-TOR.

4. The now consolidated scheduling conference calendared for **March 7, 2018 at 1:30 p.m. REMAINS SET.**

The District Court Executive is hereby directed to enter this Order, provide copies to counsel, and administratively **CLOSE** 4:17-CV-5193-TOR.

**DATED** March 1, 2018.



THOMAS O. RICE
Chief United States District Judge

ORDER GRANTING UNOPPOSED MOTIONS TO CONSOLIDATE ~ 5